IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN TOMTOP TECHNOLOGY CO., LTD., <br> ABSA PINK INC, <br> ARNON UBEN INC, <br> BORDER MOSE INC, <br> DESH DIBON INC, <br> GADY LENTLE INC, <br> JONA THEE INC, and <br> SIHON MOUNT INC, <br><br> Plaintiffs, <br><br> v. <br><br> DAN XIE, <br> INNO PRODUCTS, LLC, <br> SHUTAO LIU, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. |

## COMPLAINT

Plaintiffs Shenzhen TomTop Technology Co., Ltd. ("TomTop") and Absa Pink, Inc., Arnon Uben, Inc, Border Mose, Inc., Desh Dibon, Inc., Gady Lentle, Inc., Jona Thee, Inc., and Sihon Mount, Inc. (collectively, the "Colorado Corporations"), by and through their attorneys, Hinshaw & Culbertson LLP, state the following:

## NATURE OF THE ACTION

1. Defendants Dan Xie ("Xie") and Inno Products, LLC ("Inno Products") breached the fiduciary duty they owed to TomTop and the Colorado Corporations by stealing more than $2.7 million from the Bank of America accounts that Xie and Inno Products were entrusted to set up for the Colorado Corporations.

2. Xie and Inno Products served as United States liaison to another Chinese company to help TomTop do business on the Walmart Marketplace by setting up seven domestic

corporations in the United States (referred to as the Colorado Corporations), and bank accounts for each of the corporations. Xie and Inno Products violated the duty of trust and confidence placed in them by TomTop and the Colorado Corporations by stealing more than $2.7 million that was deposited in the bank accounts for the Colorado Corporations from sales on the Walmart Marketplace.

3. Xie admits taking the money. Xie told one of TomTop's external attorneys that he transferred a substantial amount of the $2.7 million from the Bank of America accounts he set up for the Colorado Corporations to a Bank of America account in the name of his father-in-law, Shutao Liu. Xie admits to also having set up, without any authorization from TomTop or the Colorado Corporations, a bank account at JP Morgan Chase Bank in the name of Jona Thee, Inc., and transferring more than $301,000 directly from the Walmart Marketplace to that account.

4. Xie admits that he lost a substantial amount of TomTop's money trading in the stock market. Xie admits that out of the $2.7 million he stole, there is approximately $1.8 million remaining in an account at TD Ameritrade and approximately $226,000 in the account at JP Morgan Chase.

5. Xie refuses to return any of the money. In fact, Xie has threatened to reveal confidential information regarding TomTop and the Colorado Corporations if they do not comply with his demands.

## THE PARTIES

6. Plaintiff TomTop is a corporation organized and existing under the laws of the People's Republic of China and headquartered in Shenzhen, Guangdong, China.

4352\308502058.v1

7. Plaintiffs Absa Pink, Inc., Arnon Uben, Inc, Border Mose, Inc., Desh Dibon, Inc., Gady Lentle, Inc., Jona Thee, Inc., Sihon Mount, Inc. were each formed as corporations in the State of Colorado, and are each wholly owned by TomTop.

8. Defendant Xie is an individual who at all relevant times resided in the State of Illinois, and, for purposes of diversity jurisdiction, is a citizen of the State of Illinois.

9. Defendant Inno Products was formed as a limited liability company in the State of Illinois.

10. On information and belief, defendant Shutao Liu is a citizen of the People's Republic of China.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties. Plaintiff TomTop is a citizen of the People's Republic of China. Plaintiff Colorado Corporations are citizens of the State of Colorado. Defendant Xie is a citizen of the State of Illinois. Defendant Inno Products is a citizen of the State of Illinois. On information and belief, defendant Shutao Liu is a citizen of the People's Republic of China. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(3). Defendants Xie and Inno Products reside in this district. A substantial part of the events or omissions giving rise to the claims occurred in this district. Defendants Xie and Inno Products are subject to the Court's personal jurisdiction in this district.

4352\308502058.v1

## XIE AND INNO PRODUCTS OWED TOMTOP
## AND THE COLORADO CORPORATIONS A FIDUCIARY DUTY

13. TomTop is an online seller of various products, and in late 2019 the company wanted to expand its business through the Walmart Marketplace. The Walmart Marketplace is an online retail platform that permits third party sellers like TomTop to list their products on Walmart's website, Walmart.com. Marketplace items appear in search results on Walmart.com alongside other items.

14. In January and February 2020, TomTop used a Chinese company, Shenzhen Ju-Li Technology Trading Company and its American partner, Inno Products, to set up Walmart Marketplace online accounts, form domestic corporations in the United States, obtain employer identification numbers, and open Bank of America accounts in order to sell products on the Walmart Marketplace.

15. Xie was the chief executive officer and registered agent for Inno Products. Xie had direct knowledge and access credentials to all of the financial accounts because he was directly responsible for setting up the Walmart Marketplace online merchant accounts, the Walmart Payoneer financial accounts, the Colorado Corporations, obtaining employer identification numbers for the corporations, and opening bank accounts.

16. TomTop and the Colorado Corporations had no working knowledge regarding how to establish accounts for the Walmart Marketplace, set up United States corporations, or establish the corporate bank accounts in the United States. As a result, TomTop and the Colorado Corporations placed great trust and confidence in Xie, Inno Products, and his partners in China. As a result of that trust and confidence placed in Xie, Xie gained influence and superiority over TomTop.

17. On or about January 16, 2020, Xie, by email, introduced an individual he referred to as "Bob Evans" to one of TomTop's employees. Xie represented to TomTop's employee that Evans was an "old friend and business partner in Chicago." In the email, Xie instructed Evans to communicate with the TomTop employee regarding "company registration, bank account set up, annual report and tax return." Xie wrote that "I will be available for urgent matters and payment."

18. On information and belief, the Bob Evans referenced by Xie is not a real person, and, at all relevant times, Xie was acting as Bob Evans. In so doing, Xie violated the fiduciary duty he owed to TomTop.

19. From on or about January 21, 2020 to on or about February 11, 2020, Bob Evans, using email address bevanchicago@gmail.com, sent emails to one of TomTop's employees regarding the status of the company registrations, employer identification numbers, and bank accounts for the Colorado Corporations, namely, Absa Pink, Inc., Arnon Uben, Inc, Border Mose, Inc., Desh Dibon, Inc., Gady Lentle, Inc., Jona Thee, Inc., and Sihon Mount, Inc.

20. In early February 2020, Bob Evans, using email address bevanchicago@gmail.com, sent to one of TomTop's employees information relating to the Colorado Corporations, including copies of the filing of articles of incorporation with the State of Colorado, employer identification numbers, and account summaries and deposit slips from Bank of America showing that accounts had been established for the Colorado Corporations (the "Corporate Bank Accounts").

21. On information and belief, Xie, without TomTop's authorization, caused to be represented to Bank of America that he was the corporate secretary for at least one or more of the Colorado Corporations. Xie also caused his personal information, including his social security number, to be used to apply for the employer identification numbers for the Colorado

Corporations. On information and belief, Xie caused each of the Corporate Bank Accounts to have the same address as Inno Products at 2549 Waukegan Road, Suite 525, Bannockburn, Illinois 60015. In so doing, Xie took advantage of his position of trust to TomTop and the Colorado Corporations, and violated the fiduciary duty that he owed to TomTop and the Colorado Corporations.

22. Defendant Xie failed to provide TomTop with access to the Corporate Bank Accounts or any account statements in violation of the fiduciary duty that he owed to TomTop and the Colorado Corporations.

## XIE STOLE MILLIONS OF DOLLARS
## FROM THE CORPORATE BANK ACCOUNTS

23. In order to transmit payments for products sold on TomTop's stores on the Walmart Marketplace, Walmart used an electronic payment system called Payoneer to transmit payments to the Corporate Bank Accounts. From in or around March 2020 to in or around June 2021, more than $2.7 million in proceeds from sales on the Walmart Marketplace was transferred to the Colorado Corporations as follows:

| Company | Corporate Bank Account Number Ended | Sales Proceeds |
|---|---|---|
| Absa Pink Inc | Bank of America 2246 | $69,740 |
| Arnon Uben Inc | Bank of America 0840 | $129,642 |
| Border Mose Inc | Bank of America 2136 | $359,831 |
| Desh Dibon Inc | Bank of America 2398 | $86,436 |
| Gady Lentle Inc | Bank of America 1658 | $66,449 |
| Jona Thee Inc | Bank of America 2136 | $1,643,553 |
| Jona Thee Inc | JP Morgan Chase 0855 | $301,812 |
| Sihon Mount Inc | Bank of America 2407 | $128,662 |
| | | **$2,786,125** |

24. In early June 2021, employees of TomTop discovered that they could not access the Corporate Bank Accounts. At the time, TomTop did not know of the existence of JP Morgan

4352\308502058.v1

Chase account number 0855 in the name of Jona Thee, Inc. (the "Jona Thee Chase Account"), or that Xie had caused more than $300,000 to be transferred to it.

25. Neither TomTop nor Jona Thee, Inc. caused the Jona Thee Chase Account to be opened. Prior to early June 2021, neither TomTop nor Jona Thee, Inc. were aware of the existence of the Jona Thee Chase Account.

26. On or about June 19, 2021, Xie admitted in a phone call with one of TomTop's external attorneys that Xie had taken $2.2 million from the Corporate Bank Accounts.

27. During the June 19, 2021 phone call, Xie admitted to TomTop's external attorney that he had caused approximately two-thirds of the $2.2 million to be transferred from the Corporate Bank Accounts to a Bank of America account in the name of Shutao Liu (the "Shutao Liu BOA Account"). Xie stated that Shutao Liu is his father-in-law. Xie stated that the Shutao Liu BOA Account had a zero balance.

28. During the June 19, 2021 phone call, Xie admitted to TomTop's external attorney that he used money from the Corporate Bank Accounts to trade stocks. Xie stated that he had lost a substantial amount of the money taken from the Corporate Bank Accounts. Xie stated that $1.8 million of the money taken from the Corporate Bank Accounts was held in an account at TD Ameritrade (the "TD Ameritrade Account").

29. During the June 19, 2021 phone call, Xie admitted to TomTop's external attorney that approximately $301,000 was held in the Jona Thee Chase Account. Xie stated that he had caused approximately $75,000 to be transferred from the Jona Thee Chase Account to the Shutao Liu BOA Account, leaving approximately $226,000 in the Jona Thee Chase Account.

30. During the June 19, 2021 phone call with TomTop's external attorney, Xie promised that he would send the remaining funds, approximately $2.1 million, held in the Shutao

Liu BOA Account, the TD Ameritrade Account, and the Jona Thee Chase Account back to TomTop. Xie also stated that he would provide TomTop with account statements and access to the Corporate Bank Accounts. Xie never did so.

31. On or about June 30, 2021, Xie contacted one of TomTop's employees. Xie wanted TomTop to create tax returns for the Colorado Corporations to conceal his misconduct. Xie wanted TomTop to find individuals and companies in Hong Kong. Xie wanted to make it appear that the individuals received the profits from the Colorado Corporations' sales on the Walmart Marketplace. Xie wanted to make it appear that the Hong Kong companies received payments and logistics fees, and issued invoices to the Colorado Corporations.

32. On or about July 6, 2021, attorneys for TomTop and the Colorado Corporations made a formal written demand for information relating to all bank accounts in the name of the Colorado Corporations and the return of all funds misappropriated by Xie.

33. On or about July 16, 2021, Xie threatened to reveal confidential information regarding TomTop and the Colorado Corporations if they did not comply with his demands.

34. As of the date of the filing of this complaint, Xie has not returned any of the funds or provided TomTop with account statements or access to the Corporate Bank Accounts.

## COUNT ONE
## BREACH OF FIDUCIARY DUTY BY XIE AND INNO PRODUCTS

35. The allegations of paragraphs 1 to 34 are incorporated here.

36. Xie and Inno Products owed fiduciary duties to TomTop and the Colorado Corporations to keep the proceeds of sales from Walmart Marketplace safe in the Corporate Bank Accounts and to not misappropriate funds.

37. Xie and Inno Products materially breached their fiduciary duties to TomTop and the Colorado Corporations by failing to keep the proceeds of sales from Walmart Marketplace in

the Corporate Bank Accounts safe and to not misappropriate funds in accordance with their fiduciary duties.

38. As a direct and proximate result of Xie and Inno Products breach of their fiduciary duties, TomTop and the Colorado Corporations have sustained damages, including but not limited to the loss of the proceeds of sales from Walmart Marketplace.

39. Xie and Inno Products' material breaches have resulted in a loss and misappropriation of TomTop and the Colorado Corporations' funds.

WHEREFORE, Plaintiffs Tom Top and the Colorado Corporations request that the Court enter judgment in their favor and against Defendants Xie and Inno Productions in an amount in excess of $2,786,125, damages for all losses resulting to TomTop and the Colorado Corporations as a result of Xie and Inno Product's breaches of their fiduciary duties, punitive damages in an amount to be determined at trial, and award to TomTop and the Colorado Corporations their attorney's fees, expenses, and court costs, and any other such relief as the Court deems appropriate.

## COUNT TWO
## CONSTRUCTIVE TRUST AS TO XIE AND INNO PRODUCTS

40. The allegations of paragraphs 1 to 34 are incorporated here.

41. Xie and Inno Products misappropriated funds in the Corporate Bank Accounts in the amount of at least $2,786,125.

42. A constructive trust should be established to prevent Xie and Inno Products from further misappropriating TomTop and the Colorado Corporations' funds.

WHEREFORE, Plaintiffs TomTop and the Colorado Corporations respectfully request that the Court enter judgment in their favor and against Defendants Xie and Inno Productions for a constructive trust for the funds of TomTop and the Colorado Corporations and any other such relief as the Court deems appropriate.

4352\308502058.v1

## COUNT THREE
## UNJUST ENRICHMENT AGAINST XIE, INNO PRODUCTS, AND SHUTAO LIU

43.     The allegations of paragraphs 1 to 34 are incorporated here.

44.     Xie, Inno Products, and Shutao Liu have misappropriated, stolen, and unjustly retained substantial funds to the detriment of TomTop and the Colorado Corporations.

45.     Allowing Xie, Inno Products, and Shutao Liu to retain the misappropriated and stolen funds violates the fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiffs TomTop and the Colorado Corporations respectfully request that the Court enter judgment in their favor and against Defendants Xie, Inno Products, and Shutao Liu for all amounts unjustly retained by Xie, Inno Products, and Shutao Liu to TomTop and the Colorado Corporations' detriment and any other such relief as the Court deems appropriate.

## COUNT FOUR
## ACCOUNTING AS TO XIE AND INNO PRODUCTS

46.     The allegations of paragraphs 1 to 34 are incorporated here.

47.     Due to Xie and Inno Products actions in materially breaching their fiduciary duties owed to TomTop and the Colorado Corporations, an accounting of the banking and financial records of Xie and Inno Products is necessary.

WHEREFORE, Plaintiffs TomTop and the Colorado Corporations respectfully request that the Court enter an order requiring Defendants Xie and Inno Products to produce and turn over all financial records, banking records, and other records necessary for TomTop and the Colorado Corporation to audit the activities and transactions of Xie and Inno Products and to account for all funds that Xie and Inno Products misappropriated and any other such relief as the Court deems appropriate.

4352\308502058.v1

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs TomTop and the Colorado Corporations, respectfully request that the Court:

A. Enter judgment against Defendants Xie and Inno Products on Counts One, Two, and Four, and against Defendants Xie, Inno Products, and Shutao Liu on Count Three and all of the damages and other relief requested in Counts One, Two, Three, and Four.

B. Enter a Temporary Restraining Order and Preliminary and Permanent Injunctions against Defendants Xie, Inno Products, and Shutao Liu and any persons in active concert or participation with them restraining them from transferring, disposing of, encumbering or secreting any accounts, money or other funds drawn from the Corporate Bank Accounts or from any account which received funds generated because TomTop or the Colorado Corporations did business through the Walmart Marketplace because Xie and Inno Products' theft of $2,786,125 has put TomTop and the Colorado Corporations at risk, TomTop and the Colorado Corporations will suffer irreparable harm if the relief is not granted, and TomTop and the Colorado Corporations have no adequate remedy at law.

C. Freeze all activity relating to JP Morgan Chase Bank account number ended 0855 in the name of Jona Thee, Inc.

D. Freeze all activity relating to Bank of America account number ended 0699 in the name of Shutao Liu.

E. Freeze all activity relating to a TD Ameritrade account number unknown holding funds transferred directly or indirectly from the Corporate Bank Accounts.

F. Order that Plaintiffs TomTop and the Colorado Corporations may engage in expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) in order to subpoena

records relating to Corporate Bank Accounts at Bank of America, the Jona Thee Chase Account, the Shutao Liu Bank of America Account, the account at TD Ameritrade which Xie claimed to hold $1.8 million of the funds taken from the Corporate Bank Accounts, and any other bank or brokerage account where funds taken from the Corporate Bank Accounts were transferred or appear to be held.

G. Award TomTop and the Colorado Corporations its reasonable attorneys' fees, expenses, and court costs expended herein

H. Grant any such other relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs TomTop and the Colorado Corporations request a trial by jury.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ Kenneth E. Yeadon
Kenneth E. Yeadon

Richard B. Polony
Kenneth E. Yeadon
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: (312) 704-3000
Facsimile: (312) 704-3001
rpolony@hinshawlaw.com
kyeadon@hinshawlaw.com

4352\308502058.v1